IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-00564-RBJ

CHARLES SCHENDZIELOS,

    Plaintiff,

v.

IRVIN BORENSTEIN;
LESLI ANN FREIBERG; and
BORENSTEIN & ASSOCIATES, LLC, a Colorado limited liability corporation,

    Defendants.

## ORDER

This matter is before the Court on plaintiff's partial motion for summary judgment [ECF No. 35] and defendants' motion for summary judgment [ECF No. 36]. For the reasons stated below, both motions are denied.

### FACTS

The following facts are undisputed except where otherwise noted. This case involves an alleged violation of the Fair Debt Collection Practices Act (FDCPA). ECF No. 35 at 6. The plaintiff, Charles Schendzielos, is a resident of Denver, CO. ECF No. 36 at ¶ 1. Borenstein & Associates, LLC (BAA) is a law firm in Centennial, CO. ECF No. 9 at ¶ 5. It was formerly known as Silverman & Borenstein, PLLC. *Id.* At the time of filing, defendant Irvin Borenstein

was a managing member at BAA, and defendant Lesli Ann Freiberg was an associate attorney at BAA. *Id*. at ¶ 13.

This case began because Schendzielos owed $6,854.68 to Barclays Bank Delaware for an unpaid credit card debt. ECF No. 35-2 at 1. The bank hired BAA (then operating as Silverman & Borenstein, PLLC) to collect the debt. ECF No. 35 at ¶ 2. BAA began legal proceedings against Schendzielos in Denver County Court. *Id.* Schendzielos answered the complaint, and the case was set for trial. *Id.* at ¶ 3. Before trial, the parties settled the case and entered into a stipulation (the Stipulation). *Id.* at ¶ 3. The Stipulation was filed on March 28, 2013. *Id.*

Under the terms of the Stipulation, Schendzielos agreed to pay the bank $4,500 in installments and to dismiss his counterclaim with prejudice. ECF No. 35-2 at 1. If Schendzielos failed to make a timely payment, the bank could seek judgment for the full amount of the claim less any payments made plus interest. *Id.* at 2. The Stipulation also provided that the bank must provide in writing a notice of a right to cure ten days before seeking full judgment. *Id*.

After Schendzielos allegedly failed to make a timely payment, BAA filed "a Motion For Entry Of Default Judgment On Broken Stipulation" (the Motion) in Denver County Court on September 19, 2014. ECF Nos. 35 at ¶ 4; 35-3 at 1. The Motion claimed that defendants were entitled to default judgment. ECF No. 35 at ¶ 4. Schendzielos alleges that BAA's motion misrepresented the legal status of his debt. *Id.* He lists four false representations contained in the Motion: (1) it indicated that Schendzielos had not made a timely answer to the complaint; (2) the Motion did not mention that the bank had failed to give notice of the alleged default as required by the stipulation; (3) the Motion did not acknowledge that Schendzielos had made a

timely cure payment for the alleged default; and (4) the Motion "falsely conveyed" that Schendzielos was in default with the Denver County Court. *Id.*

After the Motion was filed, Schendzielos' counsel of record,[1] Daniel Schendzielos, contacted Freiberg at BAA. Daniel Schendzielos Affid. ECF No. 35-1 at ¶ 5. According to plaintiff, Freiberg acknowledged that the bank had failed to comply with the Stipulation by not sending notice to Schendzielos. *Id.* Plaintiff alleges that neither Freiberg nor anyone else at BAA took action to correct the false information in the Motion. ECF No. 35 at ¶ 6. Based on the representations in the Motion, and without awaiting a response from Schendzielos, the court entered judgment on September 23, 2014. *Id.*; ECF No. 35-4 at 1. Schendzielos brought a motion to vacate judgment on September 29, 2014. ECF Nos. 35-4; 35-8 at 1. The parties resolved their dispute without further court involvement. ECF No. 35-5. On January 26, 2015 BAA filed a motion to dismiss with prejudice that was granted by the state court judge a few days later. ECF No. 35-8 at 1. Schendzielos claims that he incurred $1,269.50 in attorney's fees and costs "directly related to setting aside the judgment[.]" ECF No. 35 at ¶ 7.

Plaintiff filed this action on March 19, 2015 alleging that the statements in the Motion violated the Fair Debt Collection Practices Act (FDCPA). ECF No. 1. Defendants filed a motion to dismiss on April 14, 2015 [ECF No. 11], which I denied on October 14, 2015.[2] ECF

---

[1] Plaintiff's father Daniel Schendzielos served as counsel for plaintiff during the state court case. ECF Nos. 36 at ¶ 9; 35-1 at ¶ 1. After the Denver County Court entered judgment, another attorney, Nancy C. Johnson, began to represent plaintiff. ECF 35-1 at ¶ 6.

[2] In this Court's order denying the present defendants' motion to dismiss, the Court also considered a motion to dismiss from original defendant David Silverman [ECF No. 12]. Silverman had previously been a member of Silverman & Borenstein, PLLC before it became BAA. Finding that plaintiff had not alleged that Silverman had any personal involvement with the filing of the Motion, the Court granted Silverman's motion and dismissed him from the case. ECF No. 33 at 22.

No. 33.  Plaintiff and defendants subsequently filed their respective motions for summary judgment on October 30, 2015.  ECF Nos. 35, 36.

## DISCUSSION

### I.   Standard of Review

The Court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The nonmoving party must "designate specific facts showing that there is a genuine issue for trial."  *Id.* at 324.  A fact is material "if under the substantive law it is essential to the proper disposition of the claim."  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  The Court will examine the factual record and make reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Concrete Works of Colorado, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).  The moving party faces the initial burden of demonstrating the absence of genuine issues of material fact.  *Celotex,* 477 U.S. at 323 (1986).  The nonmoving party then must "go beyond the pleadings" and designate evidence of specific facts showing that there is a genuine issue for trial.  *Id.* at 324.

### II.   Fair Debt Collection Practices Act

Congress enacted the FDCPA in 1977 "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692.  The FDCPA regulates interactions between consumer

debtors and "debt collectors." *Johnson v. Riddle,* 305 F.3d 1107, 1117 (10th Cir. 2002). Therefore, a defendant can be held liable only if she is a debt collector within the meaning of the FDCPA.[3] *James v. Wadas*, 724 F.3d 1312, 1315-16 (10th Cir. 2013). The FDCPA contains a number of broad prohibitions: for example, the act proscribes harassment or abuse; false or misleading representations; and numerous delineated "unfair practices" during the collection of debts. *Johnson,* 305 F.3d at 1117; § 1692d-f. Under the section covering civil liability, the FDCPA allows a plaintiff to recover actual and statutory damages. § 1692k. The plaintiff need not show any actual damage to be entitled to damages up to $1,000, costs, and attorney's fees. *Id. See also Miranda v. Praxis Fin. Solutions, Inc.,* No. 13-CV-0931-WJM-MWJ, 2014 WL 5504745, at *2 (D. Colo. 2014).

At issue in this case is § 1692e, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e. In addition to this general ban, § 1692e lists a number of actions that are per se violations. As I discussed in this Court's previous order [ECF No. 33], courts have disagreed about whether § 1692e covers a debt collector's representations to a state court judge. *See Hemmingsen v. Messerli & Kramer*, *PA,* 674 F.3d 814, 818 (8th Cir. 2012) ("[T]he circuit courts have struggled to define the extent to which a debt collection lawyer's representations . . . in court filings during the course of debt collection litigation can violate §§ 1692d-f."). As the

---

[3]"The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." § 1692a.

5

Tenth Circuit has not considered this issue, I found that § 1692e does apply to alleged misrepresentations made to a court during a debt-collection proceeding. ECF No. 33.

Many circuit courts employ the "least sophisticated consumer" test when analyzing whether a particular representation was false, unfair, misleading, or deceptive. *See Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993) (listing cases). The Tenth Circuit has not expressly adopted this standard, but in an unpublished opinion, the circuit did apply "an objective standard, measured by how the least sophisticated consumer would interpret the notice received from the debt collector." *Ferree v. Marianos,* 129 F.3d 130, 1997 WL 687693, at * 1 (10th Cir. 1997) (internal quotations and citations omitted). The least sophisticated consumer standard is an objective approach to ensure "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Hartman,* 569 F.3d at 612 (internal quotations and citations omitted). The least sophisticated consumer is not considered a "dimwit," but is perceived as "uninformed, naïve, and trusting." *Miranda,* 2014 WL 5504745, at *2 (internal citations omitted). This individual does not have "the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer." *Ferree,* 1997 WL 687693, at * 1. The least sophisticated consumer standard reflects the notion that the FDCPA is a remedial statute intended to offer broad protections to consumers. *Nikkel v. Wakefield & Associates, Inc.,* No. 10-CV-02411-PAB-CBS, 2012 WL 5571058, at *10 (D. Colo. Nov. 15, 2012) (internal quotations and citations omitted). However, courts have also maintained "the concept of reasonableness without extending FDCPA protection to bizarre or idiosyncratic interpretations of collection notices and other practices." *Sowers v. Wakefield & Associates,* No. 09-CV-02873-BNB-MEH, 2010 WL 3872901, at *4-5 (D. Colo. Sept. 29, 2010) (internal quotations and citations omitted).

Additionally, in applying the least sophisticated consumer standard, courts have also required a particular statement to be material. *See, e.g., Miranda,* 2014 WL 5504745, at *2 (holding that a false statement must be material, and that the indication that a debt will remain on a credit report indefinitely satisfies the materiality requirement). "[A] false statement is material if it would impact the least sophisticated consumer's decisions with respect to a debt." *Hudspeth v. Capital Management Services, L.P.,* 2013 WL 674019, at *4 (D. Colo. 2013). Materiality is typically a determination of fact for the jury. *Lucero v. Bureau of Collection Recovery, Inc.,* No. CIV 09-0532 JB/WDS, 2012 WL 681797, at *12-13 (D.N.M. Feb. 28, 2012).

### III.    Requests for Admission

In his motion for summary judgment, plaintiff argues that defendants did not submit a timely response to plaintiff's requests for admissions (RFA), so those matters should be deemed admitted under Rule 36(a). ECF No. 35 at 2. "Rule 36(a) provides that '[a] party may serve upon any other party a written request for the admission' of the truth of certain matters." *Raiser v. Utah County,* 409 F.3d 1243, 1246 (10th Cir. 2005) (quoting F. R. Civ. P. 36(a)). "If the receiving party fails to respond to the request within 30 days, or within such other time as the court may allow, the matter is deemed admitted." *Id.* If a matter is admitted, it "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). A party can move for relief from the deemed admissions by filing a Rule 36(b) motion requesting the court to permit amendment or withdrawal. Alternatively, the Tenth Circuit has held "that a response to a motion for summary judgment arguing in part that the opposing party should not be held to its admissions can constitute a Rule 36(b) motion to withdraw those admissions." *Bergemann v. United States,* 820 F.2d 1117, 1120–21 (10th Cir.

1987). The court may exercise its discretion to permit withdrawal or amendment "when [1] the presentation of the merits of the action will be subserved thereby and [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Raiser,* 409 F.3d at 1246 (internal citations omitted).

Here, plaintiff served his discovery requests, including five RFAs, by hand on August 28, 2015. ECF No. 35-6. Plaintiff argues that responses were due 30 days later on September 28. ECF No. 35 at 2. Defendants did respond to the RFAs, but they did so one day late on September 29. ECF No. 39 at 3. Defendants admit that they were confused about when their responses were due because they forgot that plaintiff had served the RFAs by hand. *Id.* Consequently, defendants believed they had until September 30 to respond. *Id.* In their response, defendants admit some of the matters and deny others. ECF No. 35-7 at 3–7. In addition to the September 29 response to the RFAs, defendants later filed a response to plaintiff's motion for summary judgment [ECF No. 35], which addresses plaintiff's claim that the RFAs should be deemed admitted due to an untimely filing. ECF No. 36.

I find that the one-day delay is not controlling, and defendants' September 29 response should be considered timely. Alternatively, even if I were to find that the matters were deemed admitted, defendants have made a convincing case for the withdrawal of those admissions. Following the guidance from *Bergemann,* the response to Schendzielos' partial motion for summary judgment could constitute a motion to withdraw the admissions. The policies underlying the two-part test from Rule 36(b) support the Court's decision.

First, permitting defendants' response to be considered timely or ordering the withdrawal of any deemed admissions would "subserve the presentation of the merits of the case." This first Rule 36(b) factor "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Raiser,* 409 F.3d at 1246 (internal quotations and citation omitted). Here, a number of admissions in question are the central elements of a claim under § 1692e, which Schendzielos has the burden of proving at trial. For example, plaintiff's "Request for Admission No. 4" states that "the motion falsely represented the legal status of the debt[.]" ECF No. 35-6 at 3. Defendants deny this matter in their response. ECF No. 35-7 at 6. The issue of whether the Motion contains misrepresentations is the core dispute in this case. Thus, permitting defendants' response to be considered timely (or alternatively allowing the deemed admissions to be withdrawn) would ensure that this case proceeds on the merits rather than be decided on the basis of a one-day delay.

Second, Schendzielos has not established how the acceptance of defendants' September 29 response or the withdrawal of the deemed admissions would prejudice him. "Mere inconvenience does not constitute prejudice for this purpose." *Raiser,* 409 F.3d at 1246. "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required." *Bergemann,* 820 F.2d at 1121. "The prejudice contemplated by Rule 36(b) . . . relates to the difficulty a party may face in proving its case, *e.g.,* caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Raiser,* 409 F.3d at 1246 (quoting *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir. 1995)). Specifically,

"[p]reparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." *Kirtley v. Sovereign Life Ins. Co. (In re Durability Inc.)*, 212 F.3d 551, 556 (10th Cir. 2000) (internal quotations omitted).

Schendzielos argues that he "would be significantly prejudiced by granting of relief from admissions[.]" ECF No. 35 at 2. In particular, plaintiff is concerned about how he can prove whether defendants are debt collectors under statute. *Id.* at 2–3. Plaintiff attests that defendants have not produced documents "relating to the extent to which they are 'debt collectors[.]'" ECF No. 35 at 2–3. In their September 29 response, defendants partially admitted and partially denied plaintiff's RFA that they qualify as debt collectors. ECF No. 35-7 at 3–4. Defendants also objected to plaintiff's corresponding request for production that would require defendants to "produce copies of each and every Complaint, with identifying court and case number information . . . for the years 2012, 2013, and 2014." ECF Nos. 35-6 at 4; 35-7 at 7. Defendants argue that this request is "unduly burdensome." ECF No. 35-7 at 7.

Plaintiff's allegations are insufficient to establish prejudice. Schendzielos notes that he "has elected to proceed upon the [a]dmissions." ECF No. 35 at 3. Plaintiff opts to rely on a highly technical and arguably nitpicky application of Rule 36(a) rather than to earnestly prepare to litigate the merits of his case. The ramifications of such a choice do not constitute the type of prejudice contemplated by Rule 36(b). It is worth noting that plaintiff served the RFAs on defendants just over a month before the discovery cut-off date of October 2, 2015. This left only a matter of days to complete discovery following the expiration of the 30-day window for defendants to file their response. As the admissions in question go to the central elements of the claim, this is not the type of situation where a plaintiff could be surprised to suddenly encounter

10

significant difficulty in proving his case at trial.  Plaintiff could have pursued alternative methods for securing this evidence, as much of the information about defendants' involvement in debt collection proceedings is publicly available.  Schendzielos also had the option of moving to reopen discovery or seeking the involvement of the Court in resolving these discovery disputes.  My practice standards clearly address this Court's willingness to help parties resolve discovery disputes, but the plaintiff has not pursued my assistance.  I find that any inconvenience that plaintiff may suffer does not amount to prejudice.

For the reasons discussed above, defendants' September 29 response to the RFAs is considered timely.

### IV.     Defendants' Motion for Summary Judgment.

Defendants move for summary judgment on the theory that the representations in the Motion are "either true or even if technically inaccurate, are not materially misleading."  ECF No. 36 at 2.  Therefore, defendants argue that "there is no genuine dispute as to any material fact and BAA is entitled to judgment as a matter of law."  *Id.*  Defendants attest that Schendzielos has not carried his burden in presenting evidence sufficient to permit a "rational trier of fact" to find for him.  *Id.* at 6.  In contrast, Schendzielos alleges that the Motion did make false representations about the status of his debt and about his position with the Denver County Court.  ECF No. 35 at ¶ 4.

Defendants claim that two of the representations at issue—that plaintiff did not make a timely cure payment and that he was in default because he missed payments—are true.  ECF No. 36 at 7.  Defendants note that plaintiff admits that he missed payments.  *Id.* at 8.  Therefore, defendants contend that they are entitled to summary disposition regarding those two statements.

ECF No. 36 at 8. Defendants acknowledge that the remaining two representations—that plaintiff failed to timely answer the complaint and that BAA did not give notice of default—are technically false but do not amount to materially misleading statements. *Id.*

To survive summary judgment, plaintiff must establish that there is a genuine dispute as to whether the representations in the Motion could mislead the least sophisticated consumer. A statement that is technically false is not a violation of § 1692e if the least sophisticated consumer would not find it confusing or deceptive. *See Lox v. CDA, Ltd.,* 689 F.3d 818, 824 (7th Cir. 2012). The type of evidence required to show a genuine dispute depends on the nature of the communication in question. Other circuit courts have determined that if a statement is not misleading or confusing on its face, then the plaintiff must submit extrinsic evidence to show how the least sophisticated consumer might be misled. *Id.* at 822 (examining whether statement to debtor was misleading on its face). Such extrinsic evidence often takes the form of consumer surveys or expert testimony. *Id.* However, as here, if a plaintiff has not offered any extrinsic evidence of how the representations would mislead the least sophisticated consumer, the statements must then be deceptive on their face. During discovery, Schendzielos elected not to obtain surveys, expert testimony, or other extrinsic evidence of how the statements might impact the average debtor. Rather, he solely relies on the language of the Motion itself and his own accounts of what occurred. Therefore, a reasonable jury must be able to find that the representations are deceptive on their face without the aid of extrinsic evidence.

Finally, the representations must be material in that they could influence the average consumer's decision making regarding the debt proceeding. A court must remember the purpose of the FDCPA when considering materiality because the statute aims to "provide information

that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)." *Hudspeth v. Capital Management Services, L.P.,* 2013 WL 674019, at *4 (D. Colo. 2013) (internal citation omitted). While materiality is generally an issue for the finder of fact, "courts have increasingly treated as questions of law, various judgments about the way in which the least sophisticated consumer would interpret particular debt collection claims." *Lucero,* No. CIV 09-0532 JB/WDS, 2012 WL 681797, at *13. For example, if a consumer only presents the text of the communication and has "no other evidence to offer, and then if there was nothing deceptive-seeming about the communication to even the least-sophisticated consumer, the court would have to dismiss the case." *Id.* at *12-13 (internal quotations and citations omitted).

<u>Statement No. 1: The Motion stated that plaintiff did not file an answer to the complaint.</u>

The Motion states "[Schendzielos] has failed to answer the Complaint or otherwise file a responsive pleading within the time allowed by" the Colorado Rules of Civil Procedure. ECF No. 11-1 at ¶ 4. This is plainly false. Plaintiff filed a timely answer and counterclaim on June 7, 2012. ECF No. 35-4 at 1. Defendants admit the falsity of this statement, but they claim that it is still not a violation of § 1692e because the statement is immaterial. ECF No. 36 at 8. As mentioned above, the technical falsity of a statement is not dispositive because a false statement must also be (1) misleading to the least sophisticated consumer and (2) material.

I find that this statement could be facially deceptive when viewed from the perspective of the average debtor. It is important to remember the context in which the representation was made. A court proceeding is a very confusing and intimidating process for most individuals and certainly for the least sophisticated debtor. Here, the average debtor might second guess whether

13

he had actually filed his answer to the complaint, or he might worry that his filing contained a fatal substantive or procedural flaw such that neither defendants nor the court paid it any heed. The average debtor could read that statement in the Motion and believe that the court never considered his account of the facts and legal issues. Therefore, the Court finds that a reasonable jury could determine this statement to be facially deceptive to the least sophisticated consumer.

The statement must also be material. Defendants argue that the representation is immaterial as there was no deception to either plaintiff or to the judge. ECF No. 36 at 10. However, the materiality inquiry is not whether the statement subjectively misled the plaintiff or the judge, but whether that representation would cause the least sophisticated consumer to change his behavior regarding the debt collection proceeding. I find that the statement is material. After reading the Motion's averment that no answer had been filed, the average debtor could be fooled into thinking that he had no avenues to relief, and he might abandon any further action. This statement could have an impact on the least sophisticated consumer's ability to intelligently choose his course of action. I note that the Motion's statement misrepresents the procedural history of the case, and the FDCPA aims to protect debtors from potential abuse related to debt collectors' misrepresentation of fact and legal status. Finding that a reasonable jury could find that this statement could mislead the average consumer in a material way, summary disposition of this issue is inappropriate.

<u>Statements Nos. 2–4: the Motion's treatment of the notice requirements, timely cure, and default.</u>

Plaintiff claims that defendants made three additional false representations in the Motion: (1) the Motion did not mention that the bank had failed to give notice of the alleged default as required by the Stipulation; (2) defendants did not mention that plaintiff submitted timely cure

payments; and (3) the Motion falsely stated that plaintiff was in default. ECF Nos. 35 at ¶ 4. The Court will consider these three representations together because they all relate to the Motion's argument that plaintiff was in default and that defendants were entitled to default judgment.

Under the terms of the Stipulation, plaintiff was to make a payment on the 28th day of each month. ECF No. 36-1 at 1. Plaintiff could default if his monthly payments were "late more than three times in a calendar year." *Id.* at 2. However, the Stipulation states that defendants cannot declare a default without complying with "all notice requirements." *Id.* Defendants must send Schendzielos "a 10-day notice of right to cure letter to [his] last known address – with a 10 days right to cure after receipt." *Id.* At the bottom of the Stipulation, there is an addendum that states that "[a]ny notice required by this stipulation shall be mailed to [Charles Schendzielos] as stated above and to the Law Office of Schendzielos & Associates, LLC at: 8547 East Arapahoe Road, Greenwood Village, CO 80112." *Id.* If Schendzielos fails to "timely cure the default," the Stipulation provides that defendants "shall be entitled to judgment from the Court[.]" *Id.*

It is undisputed that plaintiff failed to make a number of payments. ECF No. 36 at ¶ 12. Plaintiff did not tender payment on December 28, 2013 or January 28, 2014.[4] ECF No. 36 at 8. In response, defendants mailed two notices of late payment to Daniel Schendzielos' law office. ECF No. 36 at 3. The first notice was dated January 8, 2014. ECF No. 36-3. The second notice was sent on January 30, 2014. ECF No. 36 at 8. Plaintiff contends that he never personally received notice of default at his "last known address" of 909 Logan Street 7G, Denver, CO 80203. ECF Nos. 38 at 5–6; 35-4 at 5. Regardless, he claims that he "personally caused a

---

[4] In fact, the payment records show that Schendzielos did not make any payments between February 19, 2013 and January 21, 2014. ECF No. 36-6.

$100.00 payment to be tendered to cure the referenced default . . . within 10 days of the receipt of said letter."[5] ECF No. 35-4 at 5. Plaintiff did tender two payments shortly after his attorney received the notices: he paid $100 on January 21 and $100 on February 18. ECF No. 36-6. After his payment on February 18, plaintiff made no payments until after the Motion was filed on September 14, 2014. ECF No. 36 at 4. Plaintiff admits that, as of September 19, 2014, he was behind on his payment schedule as he should have paid $2,850.00 by that date but had only paid $1,200.00. ECF No. 36-7 at 3–4.

The fact that plaintiff missed a series of payments despite the notice sent to his attorney does not change the reality that the Motion might confuse the least sophisticated consumer, and that the individual might suffer as a result. As discussed above, court proceedings are intimidating to the average individual. The inclusion of confusing or incomplete language in a court filing like the Motion could make the least sophisticated consumer feel even further out of his league and convince him to concede his case rather than to pursue other litigation strategies.

Additionally, I find that a reasonable jury could determine that the Motion's treatment of plaintiff's status is deceptive on its face. The Motion does not address the Stipulation's particular requirements that must be met before a debtor can be found in default. The least sophisticated consumer would recognize that he had not made any payments in over six months, and that he was therefore at risk of being in default. But the debtor would also have the wherewithal to review the Stipulation's language and understand that he could not be found in default without defendants' compliance with the notice and cure requirements. Defendants had

---

[5] It is unclear if Schendzielos' payments on January 21 and February 18 were timely. The record does not indicate when his attorney received the notices, so the Court cannot determine when the 10-day windows to cure began. Additionally, the record does not indicate whether Schendzielos' attorney ever notified his client of the notices.

16

not sent a notice of default after the third missed payment, and no notice of default had been mailed to plaintiff's personal address. Furthermore, it is disputed whether plaintiff made timely cure payments on January 21, 2014 and February 18, 2014. Therefore, the Motion's treatment of the matter could be plainly confusing.

Finally, plaintiff argues that the misrepresentations in the Motion were material "in that [they] caused the entry of a judgment which these Defendants were not entitled to seek" under the terms of the Stipulation, and that they "forced Plaintiff to expend attorney fees to vacate it." ECF No. 38 at 9. I agree. The Motion's representations that plaintiff was in default could influence the least sophisticated consumer's decision making regarding how to proceed. A reasonable jury could determine that the Motion's statements and omissions regarding plaintiff's legal status could impair the average debtor's ability to make an intelligent decision about how to respond to the Motion.

I conclude that the proper course is to present all of these representations to a jury. The finder of fact must weigh the inferences that a reasonable, yet unsophisticated consumer would draw from this set of facts. I cannot rule out the possibility that a reasonable jury would find the Motion's representations to be materially misleading when viewed from the perspective of the least sophisticated consumer. In sum, I find that there is a genuine dispute as to whether the representations in the Motion could be materially misleading, and summary judgment is therefore not appropriate.

**V.      Plaintiff's Motion for Summary Judgment.**

Plaintiff moves for partial summary judgment as to actual damages and liability under 15 U.S.C. § 1692k(1). He claims that defendants violated § 1692(e)(2)(a) by misrepresenting the

legal status of the alleged debt to the Denver County Court. ECF No. 35 at 6. He alleges that he incurred $1,269.50 in attorney's fees and costs because he needed to get the judgment set aside. ECF No. 35 at 6. Plaintiff claims that only the issue of individual liability under § 1692k(2)(A) should go to the jury. *Id.* For the reasons described above, there are genuine issues of material fact that prevent summary disposition of this matter.

## ORDER

For the reasons described above, plaintiff's motion for summary judgment [ECF No. 35] is DENIED, and defendants' motion for summary judgment [ECF No. 36] is DENIED.

DATED this 16th day of February, 2016.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge